UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAUREEN CULMONE | CIVIL ACTION |
| VERSUS | NUMBER 04-744-JVP-DLD |
| EMMANUEL AMOFAH | |

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for a report and recommendation following a show cause hearing regarding the imposition of sanctions on the defendant for failure to appear for a telephone status conference set for August 28, 2006. The show cause hearing was held on January 10, 2007.

A review of the docket sheet reveals that the defendant in this case answered the complaint on January 7, 2005. However, since that time, the defendant has not appeared for any scheduling or status conferences, and has not kept the court or counsel for the plaintiff apprised of his whereabouts.

Several attempts were made to give notice to the defendant of the scheduled conferences, including service by certified mail and by the U.S. Marshal, at multiple addresses. Service was attempted by notice being given under seal also, in an effort to prevent defendant from being intentionally absent during service attempts. This also was unsuccessful, although the record shows that someone named "A. Concha" signed the certified letter at the New York, New York address on the defendant's behalf, giving notice of the January 10, 2007, show cause hearing, for which the defendant also failed to appear.

Pursuant to Rule 37(b)(2)(C)[1], a court may award a default judgment if a party fails to obey an order of the court or permit discovery. While litigation-ending sanctions are a last resort, in some cases they are justified "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). "[W]here a district court awards default judgment as a discovery sanction, two criteria must be met." *United States v. $49,000 Currency,* 330 F.3d 371, 376 (5th Cir.2003) (citing *Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 514 (5th Cir.1985) (discussing the criteria to be used when reviewing a district court's dismissal of a claim as a Rule 37 sanction)). First, the party's violation must be willful. *Id.* Also, a default may only be taken when a lesser sanction would not substantially achieve the desired deterrent effect. *Id.*

In this case, the court finds that the violation was willful. The defendant is an attorney at law, who answered the complaint. However, the defendant either failed to keep the court apprised of his current address as required by LR 41.3, or deliberately refused to accept notice of and obey orders of the court. In any case, there is no indication in the record that the defendant's failure to appear for the conference was anything but willful.

---

[1] Fed. R. Civ. P. 37(b)((2)(C) states that "If a party...fails to obey an order to provide or permit discovery, including an order...under Rule 26(f), the court in which the action is pending may make such orders in regard to he failure as are just, and among others the following:

\* \* \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

\* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Furthermore, there is no lesser sanction, at this point, that will achieve the desired deterrent effect.  The defendant, after appearing via answer, has disappeared, effectively avoiding a default judgment, but refusing to litigate, also.

Federal Rules of Civil Procedure Rule 37 requires that the court impose reasonable expenses, including attorney's fees, caused by the failure, upon the party who failed to obey the court order, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.  In this case, there is no apparent justification or circumstance excusing the failure of the defendant to either keep the court apprised of his current address, or to appear for the conferences.

For the above reasons,

**IT IS THE RECOMMENDATION** of the Magistrate Judge that a default judgment be entered against defendant pursuant to Fed. R. Civ. P. 37(b)(2)(C) and that the defendant be assessed reasonable expenses and attorney's fees incurred in this matter.

Signed in Baton Rouge, Louisiana, on December 4, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LAUREEN CULMONE**          **CIVIL ACTION**

**VERSUS**          **NUMBER 04-744-JVP-DLD**

**EMMANUEL AMOFAH**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 4, 2007.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**